103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randal Scott HENSON, Defendant-Appellant.
 No. 96-35031.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randal Scott Henson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his guilty plea conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of an unregistered short-barrelled shotgun, in violation of 21 U.S.C. § 5861(d). We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 I. Double Jeopardy
 
 3
 Henson contends that his conviction violated the Double Jeopardy Clause of the Fifth Amendment because civil forfeiture proceedings were instituted against his property prior to the commencement of his criminal case. Henson's claim is foreclosed by the United States Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2135, 2149 (1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause).
 
 II. "Knock and Announce" Statute
 
 4
 Henson contends that the officers executing the search warrant of his home violated the federal "knock and announce" statute, 18 U.S.C. § 3109. We need not address this claim because Henson is precluded from challenging the alleged violation of the "knock and announce" statute by the entry of his guilty plea. See United States v. Broce, 488 U.S. 563, 574 (1988) (aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forecloses all collateral attacks with the exception of jurisdictional claims).
 
 III. Selective Prosecution
 
 5
 Henson argues that he was subjected to unconstitutional selective prosecution because he was prosecuted in federal court while his co-defendants were prosecuted in state court.
 
 
 6
 "[A] prosecutor's charging decision cannot be judicially reviewed absent a prima facie showing that it rested on an impermissible basis, such as gender, race or denial of a constitutional right." United States v. Davis, 36 F.3d 1424, 1432 (9th Cir.1994).
 
 
 7
 Henson has failed to demonstrate that the prosecutor's charging decision rested on an impermissible basis. Accordingly, the district court did not clearly err by finding that Henson failed to establish a prima facie case of selective prosecution. See id. at 1432-22.
 
 IV. Ineffective Assistance of Counsel
 
 8
 Lastly, Henson argues that he was denied effective assistance of counsel. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct." Strickland v. Washington, 466 U.S. 668, 689 (1984). To demonstrate prejudice, Henson must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 9
 We reject Henson's conclusory allegation that his counsel was unconstitutionally ineffective as he has not shown how counsel's alleged failures prejudiced him. See id.; United States v. Alonso, 48 F.3d 1536, 1544-45 (9th Cir.1995).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3